IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JODELLE WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-3129 |
| | ) |
| MARK OWENS AND ROSS OWENS | ) |
| | ) |
| | ) |
| Defendants. | ) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

This cause is before the Court on the Motion to Dismiss (Doc. 6) Plaintiff Jodelle Wallace's ("Plaintiff") Complaint (Doc. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants Mark Owens ("Mark") and Ross Owens ("Ross") (together, "Defendants"). For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

I.    **FACTUAL ALLEGATIONS**

Plaintiff is a female and was employed by the University of Illinois Springfield ("UIS") as a sworn law enforcement officer. (Doc. 1 at 2.) The pleadings do not indicate when Plaintiff's employment with UIS began. Plaintiff worked under the supervision of Mark, the Assistant Director of Employee Relations at UIS, and Ross, the Interim Chief of Police at UIS. (*Id.* at 2.) On June 9, 2021, Plaintiff's employment with UIS was terminated. (*Id.*) Plaintiff alleges that Mark and Ross terminated her employment because of the actions she took during a traffic stop on March 16, 2021. (*Id.*) Specifically,

Plaintiff alleges Mark and Ross disciplined her more harshly than her male co-workers who engaged in comparable violations of UIS policy. (*Id.*)

Plaintiff's Complaint was filed on July 13, 2022, alleging Defendants discriminated against her because of her gender, in violation of the Fourteenth Amendment's Equal Protection Clause. (*Id.* at 2-3.) Plaintiff seeks reinstatement, lost wages, attorney fees and costs, as well as punitive damages. (*Id.* at 3.) Plaintiff names each Defendant in their individual capacity and, for the purpose of obtaining equitable relief, in their official capacity. (*Id.* at 2.)

On September 30, 2022, Defendants filed the instant Motion to Dismiss requesting dismissal of Plaintiff's Section 1983 claims for damages as her action is really one against the State of Illinois, triggering Eleventh Amendment sovereign immunity. (Doc. 6.) Plaintiff's Response to Defendants' Motion to Dismiss argues that her Section 1983 action is not one against the State, but against Defendants in their official and individual capacities for which she can recover damages. (Doc. 8.)

II.    **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). However, the plaintiff bears the burden of proving the jurisdictional requirements have been met. *Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." *Id.* A plausible claim is one that alleges factual content from which the court can reasonably infer that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. *Id.*

### III.   ANALYSIS

#### A. Sovereign Immunity

The Fourteenth Amendment's Equal Protection Clause grants all Americans "the right to be free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae*, 448 U.S. 297, 322 (1980). A violation of this constitutional right allows an aggrieved party to seek redress pursuant to 42 U.S.C. § 1983. *See Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996).

Defendants argue that sovereign immunity raises an issue of subject matter jurisdiction that can be analyzed under 12(b)(1) or 12(b)(6). (Doc. 6 at 2.) Specifically, Defendants request dismissal of Plaintiff's Section 1983 claim on the basis that they are State of Illinois ("State") employees who are protected by the Eleventh Amendment's

sovereign immunity. (*Id.* at 4.) Additionally, Defendants argue Plaintiff's claims for lost wages against each Defendant individually are truly against the State, thus also triggering sovereign immunity. (*Id.* at 5.)

### 1. Relief Against Defendants in Their Official Capacities

The Eleventh Amendment generally bars actions in federal court against a state, state agencies, or state officials acting in their official capacities. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). Moreover, Section 1983 only permits claims against "persons," and states, state agencies, and their employees are not "persons". *Will v. Mich. Dep't of Sate Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). The Supreme Court carved out a limited exception to state employees' sovereign immunity in *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Under *Ex Parte Young*, a plaintiff may sue a state official under Section 1983 for prospective equitable relief to remedy ongoing violations of federal law. *Id.* at 159-60.

In this case, Defendants are employees of the Board of Trustees of UIS, which is an arm of the State protected by sovereign immunity. (Doc. 6 at 4.); *See Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). A state agency or state employee sued in his or her official capacity is treated the same as the state where, as here, money damages are sought. *Id.* The *Ex Parte Young* exception does not apply because Plaintiff seeks reinstatement, lost wages, attorney fees and costs, as well as punitive damages, all without alleging an ongoing violation of federal law by Defendants. Eleventh Amendment immunity bars Plaintiff's suit against Defendants in

their official capacities. Accordingly, Defendants' Motion to Dismiss is granted as to Plaintiff's Section 1983 claim for prospective equitable relief against Defendants in their official capacities.

### 2. Relief Against Defendants in Their Individual Capacities

When a plaintiff sues a public officer in his individual capacity, the court is obliged to consider whether it may really and substantially be a suit against the State. *Luder v. Endicott,* 253 F.3d 1020, 1023 (7th Cir. 2001). "A suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Id.* (quoting *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101 n. 11 (1984)); *see also Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (finding a claim is actually one against the State where the plaintiff sought "backpay and other forms of monetary compensation based on an employment contract" and the individuals were not parties to the contract in their individual capacities).

In *Luder*, the Seventh Circuit held that Eleventh Amendment sovereign immunity barred a Fair Labor Standards Act ("FLSA") lawsuit nominally against state-employed supervisors when the subject amount at issue foreseeably exceeded the defendant-supervisors' ability to pay, inevitably leaving the plaintiff proceeding to enforce the FLSA judgment against the state. 253 F.3d at 1024. The Seventh Circuit held that, regardless of the outcome, the plaintiff's remedy would be the same as if the lawsuit

was originally brought against the state because it would "force the state to accede to their view of the Act and to pay them accordingly." *Id.*

Defendants argue, citing two Seventh Circuit decisions, that damages arising from any state employment relationship triggers sovereign immunity for state officials who are sued in their individual capacity.[1] (Doc. 6 at 5-6.) In *Omosegbon*, the Seventh Circuit affirmed the dismissal of money damages claims against the state (Indiana State University) and against individual defendants in a § 1983 action. 335 F.3d at 673. The *Omosegbon* court found that the claim was really one against the state where the plaintiff sought "backpay and other forms of monetary compensation based on an employment contract" and the individuals were not parties to the plaintiff's employment contract in their individual capacities. *Id.*

Likewise, in *Haynes v. Indiana University*, 902 F.3d 724, 728-729 (7th Cir. 2018), a plaintiff-professor was under a probationary contract that provided the university would evaluate tenure following his six-year initial term. That plaintiff lost his bid for tenure and sued the university and its board of trustees under Title VII and 42 U.S.C. § 1981(a). *Id.* In finding sovereign immunity to defeat the plaintiff's damages claim, the *Haynes* court reasoned that the plaintiff's case was "materially the same" as *Omosegbon* because those university administrators were not parties to his employment contract. *Id.*

In this case, Plaintiff argues that, unlike the plaintiffs in *Omosegbon* and *Haynes*, she has not alleged that her termination was a breach of any contract she had with UIS,

---

[1] *Haynes v. Indiana University*, 902 F.3d 724, 731–32 (7th Cir. 2018); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003)

much less a contract either Defendant was individually a party to. (Doc. 8 at 6.) While Plaintiff has not alleged a breach of employment contract, Plaintiff's request for compensatory and punitive damages ignores the purpose for qualified immunity: "protection against personal monetary relief so that, among other things, a fear of the threat of personal liability will not deter citizens from holding public office; and avoiding a chilling effect on the exercise of the official's decision-making responsibilities." *Lenea v. Lane*, 882 F.2d 1171, 1179 (7th Cir. 1989) (citing *Anderson v. Creighton*, 107 S. Ct. 3034, 3038; *Owen v. City of Independence*). Thus, the rationale for Eleventh Amendment sovereign immunity precludes the relief Plaintiff seeks.

Like the plaintiffs in *Luder*, Plaintiff seeks to accomplish exactly what she would accomplish were she allowed to maintain this suit against the State and did so successfully: to force the State to pay Plaintiff her lost wages associated with her employment with UIS. *Luder*, F.3d at 1024. But Eleventh Amendment sovereign immunity defeats Plaintiff's claim for backpay, for "[i]f these sums should have been paid, they should have been paid by the State, not by [the defendants] in [their] individual capacity[ies]." *Lenea*, 882 F.2d at 1178 (quoting *Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir. 1985), *modified on other grounds*, 793 F.2d 457 (2d Cir. 1986)); *see also Shirley v. Chagrin Falls Exempted Village Schools Board of Education*, 521 F.2d 1329, 1334 (6th Cir. 1975), *cert. denied*, 424 U.S. 913 (1976). Plaintiff's claim is really one for a retroactive award of monetary relief which requires the payment of funds from the state's treasury. *Dwyer*, 777 F.2d at 836. Because that payment of damages does not merely have an ancillary effect on the state's treasury, backpay from the state is barred by the Eleventh

Amendment, *see, e.g., Quern v. Jordan*, 440 U.S. 332, 337, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979).

Accordingly, Defendants' Motion to Dismiss is granted as to Plaintiff's Section 1983 claim for lost wages, compensatory damages, and punitive damages against Defendants in their individual capacities.

### 3. Gender Discrimination Equal Protection Claim

While the Court dismisses Plaintiff's Complaint on Eleventh Amendment sovereign immunity grounds, Plaintiff's Complaint must also be dismissed for failing to provide sufficient detail to state a gender discrimination Equal Protection claim. As stated above, Plaintiff alleges that her termination from UIS was the product of gender-based discrimination, violating her rights under the Equal Protection Clause. (Doc. 1 at 2-3.)

The Seventh Circuit has set forth the level of detail required of a plaintiff to state an Equal Protection claim. *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011). In *McCauley*, the court analyzed the sufficiency of a complaint under the *Twombly* and *Iqbal* plausibility standard, holding that while well-pleaded facts in a complaint are taken as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* at 616. The *McCauley* court recognized that the degree of specificity required to state an Equal Protection claim is not easily quantified, but "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.2d 400, 404 (7th Cir. 2010)). The court found that "once the legal

conclusions are disregarded, just one paragraph of factual allegations remain[ed]" in the plaintiff's complaint, which did not provide sufficient detail to state a facially plausible Equal Protection claim. *Id.* at 618.

In this case, Plaintiff's Complaint does not meet the low threshold required of a plaintiff who alleges a Fourteenth Amendment gender discrimination claim. Plaintiff's Complaint provides a bare allegation that she "was disciplined more harshly than male co-workers who engaged in comparable violations of policy." (Doc. 1 at 2.) This allegation, without any further details, does not allow the Court to reasonably infer that Plaintiff's employment with UIS was terminated because she is female. Accordingly, Plaintiff's Complaint must also be dismissed for failure to state a sufficient gender discrimination Equal Protection claim.

IV.  **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within 21 days of this Order.

Entered: July 31, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE